```
 1  ZEV SHECHTMAN (State Bar No. 266280)
    zs@DanningGill.com
 2  SONIA SINGH (State Bar No. 311080)
    ssingh@DanningGill.com
 3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
 4  Los Angeles, California 90067-6006
    Telephone: (310) 277-0077
 5  Facsimile: (310) 277-5735

 6  Attorneys for Plaintiff Brad D. Krasnoff, Chapter
    7 Trustee
 7
```

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DIKRAN STEPAN TCHEUBJIAN and HAIKANOUCHE TCHEUBJIAN,<br><br>Debtors. | Case No. 2:20-bk-12958-ER<br><br>Chapter 7 |
| BRAD D. KRASNOFF, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELINE SEPILIAN, an individual; DIKRAN STEPAN TCHEUBJIAN, an individual; and HAIKANOUCHE TCHEUBJIAN, an individual;<br><br>Defendants. | Adv. No.<br><br>**TRUSTEE'S COMPLAINT TO:**<br>**(1) AVOID, PRESERVE AND RECOVER PREFERENTIAL TRANSFER;**<br>**(2) AVOID, PRESERVE AND RECOVER FRAUDULENT TRANSFER; AND**<br>**(3) DISALLOW EXEMPTION**<br><br>Date:     SEE SUMMONS<br>Time:     SEE SUMMONS<br>Place:    Courtroom 1568<br>          255 E. Temple Street<br>          Los Angeles, California 90012 |

1591460.3  2012958A                              1

Plaintiff Brad D. Krasnoff, solely in his capacity as the Chapter 7 trustee ("Plaintiff" or the "Trustee") for the bankruptcy estate of Dikran Stepan Tcheubjian and Haikanouche Tcheubjian (collectively, the "Debtors"), alleges as follows:

## JURISDICTION AND CASE BACKGROUND

1. This Court has jurisdiction over this adversary proceeding (this "Action") pursuant to 28 U.S.C. §§ 157 and 1334. This Action is commenced pursuant to 11 U.S.C. §§ 105(a), 522, 547, 548, 550 and 551 as well as other applicable law. This Action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (B), (F), (H) and (K). This Action arises in a case under Chapter 7 of title 11 of the United States Code (the "Bankruptcy Code") entitled <u>In re Dikran Stepan Tcheubjian and Haikanouche Tcheubjian</u>, which has been assigned case number 2:20-bk-12958-ER (the "Bankruptcy Case") and is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division (this "Court"). Plaintiff consents to the entry in this Action of final orders and judgment by this Court.

## THE PARTIES

2. Plaintiff brings this Action solely in his capacity as the Chapter 7 trustee for the bankruptcy estate of the Debtors Dikran Stepan Tcheubjian and Haikanouche Tcheubjian.

3. Defendant Dikran Stepan Tcheubjian, one of the Debtors, is an individual residing in the County of Los Angeles, State of California.

4. Defendant Haikanouche Tcheubjian, one of the Debtors, is an individual residing in the County of Los Angeles, State of California.

5. Plaintiff is informed and believes, and based thereon alleges, that Defendant Micheline Sepilian ("Defendant Sepilian") is an individual, who is the Debtors' daughter, residing in the County of Los Angeles, State of California.

6. Defendant Dikran Stepan Tcheubjian, Defendant Haikanouche Tcheubjian, and Defendant Sepilian are referred to hereinafter, collectively, as the "Defendants."

## GENERAL ALLEGATIONS

7. The Debtors filed their joint voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 16, 2020 (the "Petition Date"). Brad D. Krasnoff thereafter accepted appointment as the Chapter 7 trustee for the Debtors' estate and continues to serve in that capacity for the benefit of the estate and its creditors.

8. The Debtors' Schedule A/B, filed on the Petition Date, states that they have a legal or equitable interest in a parcel of real property commonly known as 190 Las Lomas Road, Duarte, California 91010 (the "Property").

9. The Debtors, in their Schedule A/B, valued the Property at $700,000.

10. In their Schedule D, filed on the Petition Date, the Debtors scheduled four liens against the Property: (1) a lien for $170,000 in favor of Christine Molino Zeitounian; (2) a lien for $131,000 in favor of Citibank NA; (3) a lien for $200,000 in favor of Defendant Sepilian; and (4) a lien for $248,564.74 in favor of NewRez.

11. Plaintiff is informed and believes, and based thereon alleges, that in 2009 Defendant Sepilian started to make periodic loans to the Debtors to assist Debtors in the Debtors' business and with meeting the Debtors' financial obligations.

12. Plaintiff is informed and believes, and based thereon alleges, that on December 30, 2011, the Debtors executed a promissory note to Defendant Sepilian in the amount of $200,000, which was due and payable upon the sale or refinance of the Property (the "Sepilian Promissory Note").

13. Plaintiff is informed and believes, and based thereon alleges, that between 2009 and August 2019, Defendant Sepilian continued to make a series of unsecured loans to the Debtors.

14. Plaintiff is informed and believes, and based thereon alleges, that as a result of Defendant Sepilian's loans to the Debtors between 2009 and August 2019, the Debtors were indebted to Defendant Sepilian in the amount of not less than $200,000.

15. On August 13, 2019, a deed of trust was recorded against the Property and assigned instrument number 20190808682 in the Los Angeles County Recorder's Officer, securing a

payment of the principal sum of $200,000, designating Defendant Sepilian as lender, and the Debtors as the borrowers (the "Subject Transfer" or the "Sepilian DOT").

16. According to the Defendants, Defendant Sepilian recorded the Sepilian DOT because the Debtors failed to repay the amounts allegedly owed under the Sepilian Promissory Note.

17. Plaintiff is informed and believes, and based thereon alleges, that Defendant Sepilian is an insider of the Debtors as that term is used in 11 U.S.C. §§ 101(31) and 547(b)(4)(B).

18. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer the Debtors were insolvent, as that term is defined in 11 U.S.C. § 101(32).

19. On or about June 7, 2020, the Debtors filed their Amended Schedule C, in which they claimed a homestead exemption in the Property in the amount of $175,000 pursuant to Cal. Civ. Proc. Code § 704.730(a)(3).

## FIRST CLAIM FOR RELIEF

(For Avoidance, Automatic Preservation and Recovery of Preferential Transfer)

20. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

21. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfer transferred an interest of the Debtors in property to Defendant Sepilian.

22. Plaintiff is informed and believes, and based thereon alleges, that the Debtors made the Subject Transfer to or for the benefit of Defendant Sepilian as a creditor.

23. Plaintiff is informed and believes, and based thereon alleges, that the Debtors made the Subject Transfer for or on account of an antecedent debt owed by the Debtors before the Subject Transfers were made, while the Debtors were insolvent.

24. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfers occurred within one year prior to the Petition Date.

25. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfer was made to Defendant Sepilian as an "insider" of the Debtors as that term is defined in 11 U.S.C. § 101(31).

26. Plaintiff is informed and believes, and based thereon alleges, that the Subject Transfer enables Defendant Sepilian to receive more than she would have received in the Bankruptcy Case if the Subject Transfer had not been made.

27. Pursuant to 11 U.S.C. § 547(b), Plaintiff is entitled to avoid the Subject Transfer.

28. Pursuant to 11 U.S.C. § 551, the Sepilian DOT is automatically preserved for the benefit of the estate.

29. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant Sepilian the property transferred under the Subject Transfer or its value, as the Plaintiff may elect, plus interest thereon at the maximum legal rate, in a sum according to proof.

## SECOND CLAIM FOR RELIEF

(For Avoidance, Automatic Preservation and Recovery of Fraudulent Transfer)

30. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

31. Plaintiff is informed and believes, and based thereon alleges, that the Debtors made the Subject Transfer with the actual intent to hinder, delay, or defraud one or more of their creditors.

32. Pursuant to 11 U.S.C. § 548, Plaintiff is entitled to avoid the Subject Transfer.

33. Pursuant to 11 U.S.C. § 551, the Sepilian DOT is automatically preserved for the benefit of the estate.

34. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant Sepilian the property transferred under the Subject Transfer or its value, as the Plaintiff may elect, plus interest thereon at the maximum legal rate, in a sum according to proof.

## THIRD CLAIM FOR RELIEF

(For Avoidance, Automatic Preservation and Recovery of Fraudulent Transfer)

35. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

36. Plaintiff is informed and believes, and based thereon alleges, that the Debtors received less than reasonably equivalent value in exchange for the Subject Transfer.

37. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfers the Debtors were engaged, or were about to engage, in a business or a transaction for which any property remaining with the Debtors was an unreasonably small capital.

38. Pursuant to 11 U.S.C. § 548, Plaintiff is entitled to avoid the Subject Transfer.

39. Pursuant to 11 U.S.C. § 551, the Sepilian DOT is automatically preserved for the benefit of the estate.

40. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant Sepilian the property transferred under the Subject Transfer or its value, as the Plaintiff may elect, plus interest thereon at the maximum legal rate, in a sum according to proof.

## FOURTH CLAIM FOR RELIEF

(For Avoidance, Automatic Preservation and Recovery of Fraudulent Transfer)

41. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

42. Plaintiff is informed and believes, and based thereon alleges, that the Debtors received less than reasonably equivalent value in exchange for the Subject Transfer.

43. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer the Debtors intended to incur, or believed or reasonably should have believed that the Debtors would incur, debts beyond the Debtors' ability to pay as such debts matured.

44. Pursuant to 11 U.S.C. § 548, Plaintiff is entitled to avoid the Subject Transfer,

45. Pursuant to 11 U.S.C. § 551, the Sepilian DOT is automatically preserved for the benefit of the estate.

46. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant Sepilian the property transferred under the Subject Transfer or its value, as the Plaintiff may elect, plus interest thereon at the maximum legal rate, in a sum according to proof.

## FIFTH CLAIM FOR RELIEF

(For Avoidance, Automatic Preservation and Recovery of Fraudulent Transfer)

47. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

48. Plaintiff is informed and believes, and based thereon alleges, that the Debtors received less than reasonably equivalent value in exchange for the Subject Transfer.

49. Plaintiff is informed and believes, and based thereon alleges, that at the time of the Subject Transfer the Debtors were insolvent or became insolvent as a result of the Subject Transfer.

50. Pursuant to 11 U.S.C. § 548, Plaintiff is entitled to avoid the Subject Transfer.

51. Pursuant to 11 U.S.C. § 551, the Sepilian DOT is automatically preserved for the benefit of the estate.

52. Pursuant to 11 U.S.C. § 550, Plaintiff is entitled to recover from Defendant Sepilian the property transferred under the Subject Transfer or its value, as the Plaintiff may elect, plus interest thereon at the maximum legal rate, in a sum according to proof.

## SIXTH CLAIM FOR RELIEF

(To Disallow Claim of Exemption)

53. Plaintiff refers to and incorporates herein by this reference each and every allegation contained in paragraphs 1 through 19, inclusive, hereof as though fully set forth herein.

54. Plaintiff is informed and believes and, based thereon, alleges that the Subject Transfer was a voluntary transfer on the part of the Debtors.

55. Plaintiff is informed and believes and, based thereon, alleges that if the Trustee succeeds in avoiding the Subject Transfer and preserving the value of the Sepilian DOT pursuant to 11 U.S.C. § 551 and/or recovering the value of the Sepilian DOT pursuant to 11 U.S.C. § 550, the Debtors will be barred by 11 U.S.C. § 522(g) and/or other applicable law from exempting any interest in the Sepilian DOT or the value thereof in the equity generated in the Property.

WHEREFORE, Plaintiff prays for judgment as follows:

<u>ON THE FIRST THROUGH FIFTH CLAIMS FOR RELIEF, AND EACH OF THEM:</u>

1. For judgment in favor of Plaintiff and against Defendant Sepilian avoiding the Subject Transfer;

2. For judgment in favor of Plaintiff and against Defendant Sepilian to preserve the Sepilian DOT for the benefit of the estate;

3. For judgment in favor of Plaintiff and against Defendant Sepilian that the property transferred under the Subject Transfer or the respective value thereof be recovered from Defendant Sepilian for the benefit of the estate;

<u>ON THE SIXTH CLAIM FOR RELIEF:</u>

1. For judgment in favor of Plaintiff and against the Debtors that the Debtors' claim of exemption in the Property be disallowed in its entirety;

<u>ON EACH AND ALL OF THE CLAIMS FOR RELIEF:</u>

1. For costs incurred; and

2. For such other relief as the Court deems just and proper.

DATED: June 8, 2020                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

By:    <u>/s/ Sonia Singh</u>
SONIA SINGH
Attorneys for Plaintiff Brad D. Krasnoff, Chapter 7 Trustee

1591460.3  2012958A                         8

**B1040 (FORM 1040) (12/15)**

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>BRAD D. KRASNOFF, Chapter 7 Trustee | **DEFENDANTS**<br>MICHELINE SEPILIAN, an individual; DIKRAN STEPAN TCHEUBJIAN, an individual; and HAIKANOUCHE TCHEUBJIAN, an individual |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067<br>310-277-0077 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
TRUSTEE'S COMPLAINT TO: (1) AVOID, PRESERVE AND RECOVER PREFERENTIAL TRANSFER; (2) AVOID, PRESERVE AND RECOVER FRAUDULENT TRANSFER; AND (3) DISALLOW EXEMPTION

### NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
[1] 12-Recovery of money/property - §547 preference
[2] 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
[3] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $200,000 |
| Other Relief Sought | |

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR DIKRAN STEPAN TCHEUBJIAN and HAIKANOUCHE TCHEUBJIAN | BANKRUPTCY CASE NO. 2:20-bk-12958-ER | |
| DISTRICT IN WHICH CASE IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ Sonia Singh | | |
| DATE June 9, 2020 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) Sonia Singh | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.